**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JAMES WASHINGTON, #366894,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:07-CV-0545-M |
| | ) | |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case:  This is a petition for a writ of habeas corpus brought by a state inmate pursuant to 28 U.S.C. § 2254.

Parties:  Petitioner is currently incarcerated at the Powledge Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Palestine, Texas.  Respondent is the Director of TDCJ-CID.  The Court did not issue process, pending preliminary screening.

Statement of the Case:  Following his plea of not guilty, a jury convicted Petitioner of murder and he was sentenced to forty years imprisonment.  His conviction and sentence were affirmed on appeal, with discretionary review denied in 1988.

Petitioner filed one prior federal habeas corpus petition pursuant to 28 U.S.C. § 2254,

challenging his conviction in this case. *See Washington v. Johnson*, 3:01-CV-0487-R (N.D. Tex., Dallas Div., 2001). On July 12, 2001, the District Court adopted the recommendation of the underesgined Magistrate Judge and dismissed the habeas corpus petition as barred by the one-year statute of limitations. Id. Although Petitioner appealed, his appeal was dismissed for failure to prosecute.[1] *See* No. 01-10982.

In the present petition for a writ of habeas corpus, Petitioner again seeks to challenge his conviction for aggravated sexual assault. He alleges four new grounds: (1) the evidence was insufficient; (2) the victim's criminal history toward Petitioner was not admitted at trial; (3) trial counsel failed to call any witnesses, thus rendering ineffective assistance; and (4) Petitioner is entitled to a "time cut after serving 21 years to date." (Petition ¶ 20).

<u>Findings and Conclusions</u>: The Antiterrorism and Effective Death Penalty Act (the "AEDPA") provides that "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (West 2006).

In *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000), the Court held that § 2244(b)(3)(A) constitutes a bar to a district court's jurisdiction to consider a successive habeas petition unless the Fifth Circuit has granted the petitioner permission to file such a petition.. *See also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). Therefore, as an initial inquiry the Court must determine if the present petition constitutes a successive application under § 2244(b)(3)(A).

---

[1] The prior federal petition raised four grounds for relief. It challenged the arrest, the search and seizure, the prosecutor's alleged failure to disclose favorable evidence, and counsel alleged ineffective assistance.

In general, "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Crone*, 324 F.3d at 836-37. Section 2244(b)(2)(B)(i) and (ii) provides an exception when "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and" under the facts no reasonable fact finder could have found him guilty of the offense charged.

The facts underlying Petitioner's claims relate to events that occurred before his jury trial, which long predated the filing of the first federal habeas petition in 2001. His claims were, thus, available when Petitioner filed his initial federal petition and could have been raised therein, but Petitioner failed to do so. "Under the abuse-of-the-writ doctrine, a subsequent petition is 'second or successive' when it raises a claim that was, or could have been, raised in an earlier petition." *Crone*, 324 F.3d at 837. Therefore, the Court concludes that the present petition for writ of habeas corpus is "successive" under the AEDPA.[2]

In light of the successive nature of the present petition, this Court lacks jurisdiction to consider it unless the Fifth Circuit Court of Appeals first grants Petitioner leave to file the same. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *Key*, 205 F.3d at 774. Therefore, this petition should be dismissed for want of jurisdiction. Such a dismissal, however, is without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254

---

[2] Although the first § 2254 petition was dismissed as time barred, such a dismissal constituted an adjudication on the merits for purposes of the gate-keeping rules on second or successive petitions. *See Villanueva v. United States*, 346 F.3d 55, 61(2nd Cir. 2003) (addressing issue in the context of a § 2255 motion); *Donaldson v. United States*, 2003 WL 22959502, No. 01-cv-1061 (N.D. N.Y. Oct. 27, 2003) (same); *see also Anders v. Cockrell*, 2003 WL 102615 at *2, 3:02cv2513-N (N.D. Tex. Jan. 08, 2003) (addressing issue in the context of a state habeas corpus petition).

petition in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A). *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (setting out the requirements for filing a motion for authorization to file a successive habeas petition in the Fifth Circuit Court of Appeals).

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition for writ of habeas corpus be DISMISSED for want of jurisdiction, but without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

The Clerk will mail a copy of this recommendation to Petitioner.

Signed this 10th day of May, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.